1  MELINDA HAAG (CSBN 132612)
   United States Attorney

2

3  J. DOUGLAS WILSON (DCBN 412811)
   Acting Criminal Chief

4  RICHARD C. CHENG (CSBN 135992)
   Assistant United States Attorney

5
      150 Almaden Boulevard, 9th Floor
6     San Jose, California 95113
      Telephone: (408) 535-5032
7     FAX: (408) 535-5032
      e-mail: richard.cheng@usdoj.gov

8
   Attorneys for Plaintiff
9

10                  UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                      SAN JOSE DIVISION

13                      (Judge James Ware)

14
   UNITED STATES OF AMERICA,        )      No. CR 09-00670-JW/HRL
15                                   )
         Plaintiff,                  )      GOVERNMENT'S OPPOSITION TO
16                                   )      DEFENDANT'S MOTION FOR
      v.                             )      PAYMENT OF LEGAL FEES BY
17                                   )      CRIMINAL JUSTICE ACT
   DAVID FOLEY,                      )
18                                   )
         Defendant.                  )      Date: October 28, 2010
19                                   )      Time: 1:30 p.m
                                     )      Court: Magistrate Howard R. Lloyd
20   _____)

21

22       COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

23   Melinda Haag , United States Attorney, and Richard C. Cheng, Assistant United States Attorney,

24   and hereby files its response and opposition to defendant's motions for payment of legal fees

25   under the Criminal Justice Act

26   //

27   //

28   //.

   Government's Opposition To Defendant's Request for Payment of Legal Fees By CJA
                                        1

1

**I**

2

**STATEMENT OF THE CASE**

3    David Foley and his co-defendant Michael Daddona were indicted on July 1, 2009 for

4    conspiracy to commit mail and wire fraud, trafficking in counterfeit goods, trafficking in stolen

5    goods, theft of trade secrets, substantive counts of mail and wire fraud, conspiracy to commit

6    money laundering, and substantive counts of money laundering to conceal illegal activity, and

7    money laundering transactions in property derived from specified unlawful activity.

8    Foley made his initial appearance before Magistrate Trumbull on July 8, 2009 and was

9    subsequently released on a $100,000 personal appearance bond secured by the defendant's own

10    signature on that same date.  Magistrate Trumbull further appointed the Federal Public Defender

11    to represent Foley during that first appearance.  AFPD Lara Vinnard, later assisted by

12    Supervisory AFPD Nicholas Humy was assigned to represent defendant Foley. Since that time,

13    the Government provided over five thousand pages of discovery to defense counsel.  Over the

14    course of nearly a year, defendant Foley engaged in ten continued status conferences and

15    formally requested continuances of at least four appearances before the District Court.  No

16    motions were ever filed by defendant Foley during this year of reviewing discovery.

17    On June 10, 2010, Magistrate Trumbull allowed the substitution of private counsel, Samuel

18    Shepard, after he indicated specifically that he was taking the case "pro bono". Mr. Shepard also

19    specified that he would be acquiring full discovery from the Federal Public Defender as well as

20    the information derived from the year long investigation done by that office.

21    The next day, and in light of the public documents filed with the Securities and Exchange

22    Commission showing defendant Foley received income valued in excess of $400,000 per year

23    from his current employer, the United States requested this Court review defendant's Foley's

24    financial status to determine what amounts, if any, Foley should reimburse the Federal Public

25    Defenders for their attorney and investigative services spanning nearly a year. This Court denied

26    the request for repayment.

27    The defendant now brings a motion for payment of his legal fees by the previously pro bono

28    counsel through funds allocated to provide legal representation of indigent defendants.  The

1    Government opposes the payment of his legal fees using funds allocated by the Criminal Justice

2    Act, and urges this Court not to condone the gerrymandering of payment of legal fees for a

3    defendant is currently employed and earning over $400,000 per year, especially after a year of

4    investigation and representation by the Federal Public Defender, and who has hand picked his

5    own attorney and now wants the public to pay for it as well.

6                                                    **III**

7                                **POINTS AND AUTHORITIES**

8        A.   DEFENDANT'S MOTION FOR PAYMENT OF LEGAL FEES UNDER CJA

9             1.      Despite Referring This Court To Title 18 U.S.C, Section 3600A,
                      Adequate Representation of Defendants, Commonly Known
10                    As the Criminal Justice Act Is Contained in 18 U.S.C., Section 3006A

11       The current defense attorney incorrectly refers to" Title 18, United States code, § 3600A" as

12   the Criminal Justice Act.  He is incorrect.  Section 3600A pertains to the preservation of

13   biological evidence.  The Criminal Justice Act, from which the defense attorney quotes from

14   liberally is contained in 18 U.S.C., Section 3006A.

15       In section 3006A(c), this Court *may* appoint counsel if "the court finds that the person is

16   financially unable to pay counsel who he had retained..."  Seeking payment for legal and

17   presumably for investigative fees under the circumstances of this case is inappropriate given the

18   factual record in this case.

19       First, as highlighted above, defendant Foley had previously received the appointment of legal

20   counsel by the Federal Public Defender sine July 8, 2009 at the date of his first appearance on the

21   indictment.  Over the course of nearly a year of reviewing discovery and investigating the matter,

22   the defendant requested the substitution of private counsel of his own choosing and the

23   corresponding relief of the Federal Public Defender.  Based upon the minute order from that date,

24   newly substituted private counsel indicated that he had taken the case "PRO BONO."  In other

25   words, Mr. Shepard had agreed to represent the defendant "for the good" without need for

26   monetary compensation by the defendant or otherwise.  Magistrate Trumbull allowed the

27   substitution on that basis.

28       This situation is unlike a circumstance in which a defendant has paid for retained counsel in

Government's Opposition To Defendant's Request for Payment of Legal Fees By CJA

1  the beginning of representation, but later runs out of money or becomes financially unable to

2  continue payment for his retained counsel, possibly because of changed circumstances, and

3  requests funds for the continued representation.  Here, the defendant has convinced the Court to

4  relieve the Federal Public Defender after a year, by stating he has private counsel and private

5  counsel will not need to be financially compensated, and a few months later, requests that his

6  choice of private counsel be paid for by CJA funds.  CJA funds should not be used in this

7  fashion.

8      Second, despite the argument that current counsel's financial situation has dramatically

9  changed since he has decided to leave the "major international law firm" and now requires

10 payment, Mr. Shepard has been saying that it was his intention to request CJA funds for his

11 services the first time he appeared before the District Court.  In opposite to his representations to

12 Magistrate Trumbull, and months before his announced separation from his prior firm,

13 Mr. Shepard noticed Judge Ware that he intended to seek CJA funds for payment of his services.

14 The Government noted the representation to the Court, which directed the United States to file a

15 motion for reimbursement with the Court.  Therefore, despite convincing Magistrate Trumbull to

16 substitute him into the case under the guise that his services were being rendered pro bono,

17 Mr. Shepard and his client was engineering a situation from the very beginning, where the

18 defendant would be able to pick his own counsel and have it be paid for through CJA funds.

19     As has been stated by many courts, indigent defendants are entitled to counsel, but not of

20 particular counsel of their own choosing.  Section 3006A(b) states that "Counsel furnishing

21 representation under the plan shall be selected from a panel of attorneys designated or approved

22 by the court, or from a bar association, legal aid agency, or defender organization furnishing

23 representation pursuant to the plan."  As far as the United States is aware, Mr. Shepard is not a

24 attorney that is part of the panel, nor is he designated and approved after stringent vetting and

25 consideration by those administrating the plan for representation in this District.

26     In light of the evolution of the events in this case, the United States urges this Court to

27 reinstate the representation of the Federal Public Defender to the defendant.  That office retains

28 the institutional knowledge from their year of meeting with the defendant, examining the

Government's Opposition To Defendant's Request for Payment of Legal Fees By CJA
4

1    thousands of pages of discovery already produced and the extensive investigation that was

2    conducted by that office.

3                                               IV

4                                          **CONCLUSION**

5         Defense counsel's motion for payment of legal fees with funds from the Criminal Justice

6    Action should be denied, and alternatively the Federal Public Defender should be reappointed.

7    DATED:        October 27, 2010

8                                                Respectfully submitted,

9
                                                 MELINDA HAAG
10                                               United States Attorney

11
                                                        /s/
12                                               RICHARD C. CHENG
                                                 Assistant United States Attorney
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Government's Opposition To Defendant's Request for Payment of Legal Fees By CJA