\*\* E-filed November 3, 2010 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR09-00670 JW (HRL) |
| Plaintiff, | **ORDER DENYING DEFENDANT FOLEY'S MOTION TO COMPEL AND MOTION FOR APPOINTMENT OF COUNSEL UNDER THE CRIMINAL JUSTICE ACT** |
| v. | |
| DAVID RUSSELL FOLEY, et al., | |
| Defendants. | **[Re: Docket Nos. 54 & 58]** |

Defendant David Foley ("Foley") was indicted on July 1, 2009 for mail and wire fraud, conspiracy to commit mail and wire fraud, trafficking in counterfeit goods, trafficking in stolen goods, money laundering to conceal illegal activity, and conspiracy to commit money laundering. (Docket No. 1.) Before this Court are two motions made by Foley: a motion to compel discovery from the Government and a motion for appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A ("CJA"). (Docket No. 54 ("MTC"); Docket No. 58 ("CJA Motion").) The Government opposed Foley's motions, and oral argument was heard on them on October 28.

**DISCUSSION**

A. Foley's Motion to Compel Discovery

At oral argument, the Court explained to Foley that his motion failed to make clear what disputed issues the Court was supposed to resolve. Indeed, rather than identifying for the Court (1) the specific discovery Foley believes has not been produced by the Government, (2) the reasons he

should get it, and (3) the authority supporting his reasons (as a proper motion to compel should), Foley simply refers the Court to the numerous requests he made in his letters to the Government and then says that the Government has not responded to any of them. (*See generally*, MTC.) This categorical assertion, however, is belied by the Government's representation that it previously produced over 5,000 documents to Foley (a fact curiously not included in Foley's motion) and told him that it had no additional information to provide. In addition, while Foley does argue that the indictment fails to sufficiently inform him of the charges against him, such an argument is more appropriately made in relation to a motion for a bill of particulars (which Foley indicated he may bring[1]) than in a motion to compel discovery.

Given these glaring deficiencies, it is not surprising that at the hearing Foley concurred with the Court's indicated inclination to deny his motion to compel without prejudice at this time. Further, Foley is instructed to review (or re-review, as the case may be) the discovery he has received from the Government to date, determine whether any of his discovery requests are still unmet, and confer with the Government as to why he believes he is entitled to further discovery. Should any sufficiently definite disputes remain, Foley may file another motion to compel (one which meets the Court's requirements as described above) by December 2, 2010. If such a motion is timely filed, it shall be noticed for, and heard by the Court on, December 16, 2010 at 1:30 p.m., as agreed among Foley, the Government, and the Court.

B. <u>Foley's Motion for Appointment of Counsel under the Criminal Justice Act</u>

In February 2008, approximately 17 months prior to his indictment, since he was a target of a federal investigation but could not afford an attorney, Foley was appointed representation by the Federal Public Defender ("FPD"). (*See United States v. Foley*, No. CR08-90103, Docket No. 2.) Once he was indicted in July 2009, Judge Trumbull re-appointed the FPD to represent Foley upon his submission of an updated financial affidavit. (Docket Nos. 2 & 6.) Almost a year later, on June 10, 2010, the FPD was terminated as Foley's counsel, and Samuel Shepherd ("Shepherd"), then of Greenberg Traurig, LLP ("Greenberg Traurig"), was substituted as Foley's counsel after agreeing to represent him *pro bono*. (Docket No. 37.)

---

[1] The Court notes that a motion for a bill of particulars is properly made before the presiding judge in a criminal matter.

2

A few months later, in September 2010, Shepherd left Greenberg Traurig to start his own solo law practice, whereupon he associated in as Foley's co-counsel (along with the then-present Greenberg Traurig). (Docket No. 46.) A few weeks later, on motion, Judge Ware allowed Greenberg Traurig to withdraw as Foley's co-counsel, leaving only Shepherd as Foley's counsel. (Docket No. 53.)

Foley then filed a motion for Shepherd to be appointed as his attorney under the CJA. (CJA Motion.) Shepherd states that he wants to be so appointed "so that I may be compensated for the work that I perform on this matter." (Docket No. 59 ("Shepherd Decl."), ¶ 3.) In his motion, Foley argues that "[a]s a solo practitioner[,] Mr. Shepherd does not have the resources available to him to represent Defendant Foley on a pro bono basis, particularly given the depth and intricacy of the case," which involves a 35-count indictment. (CJA Motion at 1.)

Foley cites subsection (c) of the CJA in support of his motion. Subsection (c) provides in part:

> . . . If at any stage of the proceedings, including an appeal, the United States magistrate or the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d), as the interests of justice may dictate. . . .

18 U.S.C. § 3006A(c). Foley presumably reads this language to suggest that if a defendant initially retains his or her own counsel but later cannot afford to pay that attorney's fees, then the Court may appoint that attorney as the defendant's counsel under the CJA so that attorney can then get paid in accordance with the CJA rules.

First, the Court does not believe that this is a proper reading of the statutory language. Subsection (c) says that the court "may appoint counsel," not "may appoint counsel of the defendant's choosing." It is unclear from this language whether "counsel" refers to currently-retained counsel or newly-appointed counsel. Further, the language provides that the court may appoint counsel "as provided in subsection (b)." Subsection (b) says that "[c]ounsel furnishing representation under the [district's] plan shall be selected from a panel of attorneys designated or approved by the court, or from a bar association, legal aid agency, or defendant organization

3

furnishing representation pursuant to the plan."[2] 18 U.S.C. § 3006A(b).  Subsection (c), then, is more accurately read to mean that if a defendant becomes unable to afford his retained attorney, the court may appoint an attorney from the District's panel of CJA attorneys or other organization pursuant to the plan.  It does not say that a court may appoint any non-panel attorney under the CJA.

Second, this District's CJA plan limits the appointment of non-panel attorneys to "exceptional circumstances."  Section III(E) of the plan provides:

> <u>Appointment of Non-Panel Members To a Particular Case.</u>  When the district judge or magistrate-judge presiding over the case, or the master calendar magistrate-judge if a district judge has not yet been assigned to the case, determines that the appointment of an attorney who is not a member of a panel, is in <u>the interest of justice, judicial economy or continuing representation</u>, the attorney may be appointed to represent a person qualifying under the Act.  Consideration for preserving the integrity of the panel selection process suggests that such appointments should be made <u>only in exceptional circumstances</u>.  Any attorney so appointed shall be subject to the provisions of this Plan.

General Order 2, III, E (emphasis added).

Shepherd confirmed at oral argument that he is not a member of this District's panel of CJA attorneys.  Thus, according to this District's CJA plan, he may only be appointed in exceptional circumstances — that is, if it would be in the interest of justice, judicial economy, or continuing representation.

After considering both parties' arguments, the Court concludes that such exceptional circumstances do not exist here.  First, although Shepherd has been representing Foley since June, it is clear that the vast amount of institutional knowledge of this case resides with the FPD, which represented Foley for 28 months.  By comparison, Shepherd has represented Foley for less than 5 months.  Indeed, the Government represented at the hearing that it believed that the FPD spent significant time and resources investigating Foley's case before Shepherd took over.  Second, while the Court does not doubt Shepherd's qualifications or experience in complex litigation, Shepherd conceded that he has never been lead counsel in a criminal trial.  And although the Court recognizes that Foley may not have known that Shepherd was going to leave his previous law firm when he retained him, as the Ninth Circuit has stated, "[i]ndigent defendants have a constitutional right to

---

[2] The CJA requires each district court to establish "a plan for furnishing representation for any person financially unable to obtain adequate representation."  18 U.S.C. § 3006A(a). This District established such a plan; it is set forth in General Order No. 2.  The plan sets forth the procedures followed in this District for appointment of counsel.

4

effective counsel, but not to have a specific lawyer appointed by the court and paid for by the public. '[T]hose who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts.'"  *United States v. Rivera-Corona*, 618 F.3d 976, 979 (9th Cir. 2010) (citing *Caplin & Drysdale v. United States*, 491 U.S. 617, 624, (1989)).  For these reasons, the Court will not appoint Shepherd as Foley's counsel under the CJA.

### CONCLUSION

Based on the foregoing, Foley's motion to compel discovery and motion for appointment of counsel under the CJA are both DENIED.

**IT IS SO ORDERED.**

Dated: November 3, 2010



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

1    **CR09-00670 JW (HRL) Notice will be electronically mailed to:**

2    George G. Walker      ggwalker26@earthlink.net
     Richard C. Cheng      richard.cheng@usdoj.gov
3    Samuel Brooks Shepherd      sam@samshepherdlaw.com, sfolitdock@gtlaw.com, stratfordk@gtlaw.com

5    **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**